**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Kaufman,         ) | No. CV-12-459-PHX-LOA |
|                        ) | |
|       Plaintiff,       ) | **ORDER** |
|                        ) | |
| vs.                    ) | |
|                        ) | |
|                        ) | |
| Steven H. Jesser and Paula M. Jesser,) | |
| husband and wife,      ) | |
|                        ) | |
|       Defendants.      ) | |
|                        ) | |
|_____) | |

    The Court has received and considered Defendants' Motion to Strike Certain Claimed Damages, seeking an order dismissing Plaintiff's claim for an award of pre-judgment interest alleged as an item of damage in the Complaint. (Doc. 33) Attached to the Motion are copies of the Complaint and another document, which are already a part of the record, contrary to LRCiv 7.1(d)(1).[1] Defendants' counsel filed a separate document, doc. 34, requesting oral argument on the Motion, which is not the approved method to request oral argument in the District of Arizona. *See* LRCiv 7.2(f).

    It has become apparent to the Court that *pro hac vice* Illinois counsel, Patricia L. Argentati, is unfamiliar, or unwilling to comply, with the Rules of Practice for the United States District Court for the District of Arizona ("Local Rules" or "LRCiv" in civil cases),

---

[1] LRCiv 7.1(d)(1) provides that "[n]o copy of a pleading, exhibit or minute entry which has been filed in a case shall be attached to the original of a subsequent pleading, motion or memorandum of points and authorities."

1  despite the Court's prior orders to comply with the Local Rules, the Court's striking Ms.
2  Argentati's non-conforming second Notice of Removal without prejudice, filed on March 23,
3  2012, docs. 16-17, and her March 8, 2012 affirmative certification that she "ha[s] read . . .
4  , and will comply with the [Local Rules]," doc. 9 at 1, as a condition of her admission to
5  appear *pro hac vice* in this Arizona case.[2] The Court has spent entirely too much of its limited
6  time implementing graduated measures attempting to obtain Local Rules' compliance by this
7  out-of-district attorney, who is not admitted to practice in Arizona by the State Bar of
8  Arizona, which obviously has been futile. As previously mentioned, counsel's Notice of
9  Filing, doc. 34, the method counsel used to request oral argument on her motion to strike,
10 fails to follow the Local Rules' approved method of requesting oral argument. *See* LRCiv
11 7.2(f).

12  Whether intentional or not, Defendants' current attorney cites no procedural rule
13 authorizing striking Plaintiff's alleged unauthorized claim for pre-judgment interest in a legal
14 malpractice action, not even the obvious Rules 12(b)(6) or (f), Fed.R.Civ.P.

15  Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a
16 pleading an insufficient defense or any immaterial, impertinent, or scandalous matter."
17 Fed.R.Civ.P. 12(f). That is not the situation here.  Plaintiff's claim for pre-judgment interest
18 in his Complaint is not a "pleading," "defense," or an "immaterial, impertinent, or scandalous
19 matter," but rather, a specific damage claim. Rule 7(a), Fed.R.Civ.P., specifically sets forth
20 what documents are considered a "pleading," namely "(1) a complaint; (2) an answer to a
21 complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to
22 a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7)
23 if the court orders one, a reply to an answer." Fed.R.Civ.P. 7(a). *See Jordan v. Ryan*, 2012
24 WL 3149349, at *1 (D. Ariz. Aug. 1, 2012).

25  In the District Court of Arizona, motions to strike are not favored, *First Horizon*

---

[2] *See* LRCiv 83.1(b)(2) ("[A]ttorneys admitted to practice pro hac vice must comply with the Rules of Practice of the United States District Court for the District of Arizona.")

- 2 -

1   *Home Loan Corp. v. Phillips*, 2008 WL 906698, at *4 (D. Ariz. 2008), and are consistently
2   denied when contrary to LRCiv 7.2(m)(1). *See, e.g., B2B CFO Partners, LLC v. Kaufman*,
3   856 F.Supp.2d 1084 (D. Ariz. Mar. 5, 2012); *Stage v. Stage*, 2012 WL 443834 (D. Ariz. Feb.
4   13, 2012); *Larson v. United Natural Foods West, Inc.*, 2010 WL 5297220 (D. Ariz. Dec. 20,
5   2010); *Longariello v. Phoenix Union High School Dist.*, 2009 WL 3815736 (D. Ariz. Nov.
6   13, 2009). "The Rule was meant to restate existing procedural principles that have been
7   disregarded in some quarters." *Pruett v. Arizona*, 606 F.Supp.2d 1065, 1074 (D. Ariz. 2009)
8   (citing *Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 727-28 (7th Cir. 2006)
9   (Easterbrook, J., in chambers) (a "motion to strike" that is argument for the lack of merit of
10  the underlying motion is unauthorized and improper); *Redwood v. Dobson*, 476 F.3d 462,
11  471 (7th Cir. 2007).

12       In relevant part, LRCiv 7.2(m) authorizes a motion to strike "only if it is authorized
13  by statute or rule, such as Federal Rules of Civil Procedure 12(f), 26(g)(2) or 37(b)(2)(A)(iii),
14  or if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or
15  not authorized) by a statute, rule, or court order." LRCiv 7.2(m)(1). Neither the terms of
16  Rule 12(f) nor LRCiv 7.2(m)(1)'s reference to any "statute, rule, or court order" address the
17  propriety of striking a claim alleged in a complaint. Fed.R.Civ.P. 12(f); LRCiv 7.2(m)(1).
18  Defendants' Motion to Strike Certain Claimed Damages and request for oral argument will
19  be summarily denied.

20       When the lawyer is not a member of the State Bar of Arizona, out-of-district counsel's
21  appearance *pro hac vice* "is not a right but a privilege," especially in a civil case. *See Leis*
22  *v. Flynt*, 439 U.S. 438, 441 (1979); *Cyphers v. Fuji Heavy Industries Co., Ltd.*, 32 F.Supp.2d
23  1199 (D. Mont. 1998). Moreover, a district court has the inherent power to, among
24  others,"control admission to its bar and to discipline attorneys who appear before it,"
25  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991), and regulate the practice of law before
26  it. *Miller v. Cardinale (In re DeVille)*, 361 F.3d 539 (9th Cir. 2004). The Ninth Circuit "ha[s]
27  consistently upheld the power of the district court to sanction attorneys for violations of local
28  rules." *Zambrano v. City of Tustin*, 885 F.2d 1473, 1477 (9th Cir. 1989) (upholding the

1 general power of the district court to sanction attorneys for violations of local rules, but
2 finding counsel's actions did not warrant the sanction of fee shifting).

3 Because of counsel's repetitive violations of the Local Rules, the Court will require
4 Defendants and attorney Patricia L. Argentati to associate local counsel hereinafter.
5 Defendants and attorney Patricia L. Argentati shall promptly associate co-counsel in this
6 case, no later than October 19, 2012, with an Arizona lawyer, who is actively practicing law
7 in the State of Arizona, licensed to do so by the State Bar of Arizona, and admitted to
8 practice in the District Court of Arizona. New co-counsel shall sign all future filings herein
9 prepared and signed by attorney Patricia L. Argentati, ensuring compliance with the Local
10 Rules and all orders entered herein.

11 Accordingly,

12 **IT IS ORDERED** that Defendants' Motion to Strike Certain Claimed Damages, doc.
13 33, and request for oral argument, doc. 34, are **DENIED**.

14 **IT IS FURTHER ORDERED** that attorney Patricia L. Argentati shall provide a true,
15 complete, and signed copy of this Order to a senior partner with the Illinois law firm of
16 Mulherin Rehfeldt & Varchetto, P.C.; Defendants Steven H. Jesser and Paula M. Jesser, and
17 any professional liability insurance representative assigned to this case on or before **Friday,**
18 **October 12, 2012**, and file a Notice of Compliance on or before **Friday, October 19, 2012**,
19 explaining that she has complied with all aspects of this Order, to whom, and when this
20 Order was provided.

21 **IT IS FURTHER ORDERED** that Defendants and attorney Patricia L. Argentati
22 shall promptly associate co-counsel in this case, no later than **Friday, October 19, 2012**,
23 with an Arizona lawyer, who is actively practicing law in the State of Arizona, licensed to
24 do so by the State Bar of Arizona, and admitted to practice in the District Court of Arizona.
25 New co-counsel must promptly file a notice of appearance and co-sign all future filings
26 herein prepared and signed by attorney Patricia L. Argentati. Failure to comply with this
27 Order without substantial justification will result in the imposition of sanctions per LRCiv
28 83.1(f) or the Court's inherent authority, including the revocation of attorney Patricia L.

1  Argentati's privilege to practice law *pro hac vice* in this case.

2  Dated this 28th day of September, 2012.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge